Edward M. O ’Gorman", J.
In this condemnation proceeding, the plaintiff has been awarded immediate title to premises heretofore owned by the defendants, and has deposited with the Commissioner of Finance of Orange County the sum of $10,275, pursuant to the provisions of section 555 of the General Municipal Law. By a subsequent statutory change brought about by section 1 of chapter 1161 of the Laws of 1971, the initial payment of 75% of the appraised value of premises which was required to be paid into the Commissioner of Finance pursuant to the provisions of the aforesaid section 555, has been increased to 100% of such value.
Defendants thereafter proceeded to a trial before the Commissioners of Appraisal, and an award was made, which award was confirmed by this court. Thereafter, plaintiff filed its notice of appeal from the order confirming the award, which appeal is still pending.
Defendants now seek to have paid to them the sum on deposit with the Commissioner of Finance, and an additional sum of $3,425 to conform to the requirements of section 1 of chapter 1161 of the Laws of 1971. The defendants advise the court that there are at present tax arrears affecting the said premises, which exceed in amount the aforesaid sums. Defendants seek a direction of .this court that the amount on deposit with the Commissioner of Finance, and the additional amount owed by plaintiff, be paid to the City of Newburgh on account of the aforesaid tax arrears in order to prevent the accumulation of interest and penalties on said taxes pending the time that the amount of the final award in condemnation is determined.
This application is opposed by the plaintiff, which seeks a direction of the court that the moneys be paid to the' plaintiff and thereafter disbursed by the plaintiff to the persons properly entitled thereto. The court is urged on behalf of the plaintiff to consider the fact that the plaintiff intends to obtain a title policy insuring its title to the condemned premises," and that if the title insurance company does not approve the recipient of payments to be made out of the funds deposited, the title policy may not cover the plaintiff to the extent otherwise possible.
The statute itself which provides for payment under these conditions is very brief, and makes no specific provision for machinery to determine the persons properly entitled to money on deposit or to decide the question of priorities in all cases. At the present time, the proper disposition of the funds is left in large measure to the discretion of the court ‘ ‘ Upon the *207 application of the parties in interest ” (General Municipal Law, § 555, subd. 2).
In this particular situation, while the Tax Collector of the City of Newburgh has not made application for payment to him of the fund herein as a party in interest, it would seem that the defendants, within the spirit of the statute, can make application on his behalf so that these funds to which the city has a priority claim might properly be paid under circumstances which will relieve the defendants of a substantial burden. There is nothing in the statute which requires that recipients of these funds be approved by the representatives of plaintiff’s title insurance company or by the plaintiff itself.
The defendants’ request appears to be a reasonable one, and should not be denied unless there is a clear prohibition in the statute. It should be borne in mind in this connection that the continued delay in the settlement of this condemnation proceeding past the date of the award is because of the exercise by the plaintiff of its right to appeal, and not because of any step taken by the defendants themselves.
Under these circumstances, it would seem only fair and reasonable that the said sum of $10,275 be paid over to the Tax Collector of the City of Newburgh by the Commissioner of Finance of Orange County, without interest, and that the said sum of $3,425 with interest be paid over to the Tax Collector of the City of Newburgh to apply on account of the real property taxes owed by defendants on the parcel condemned, which payments the court hereby directs.